IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAIT LATAUSCA BELYEW,                                No. CIV S-08-0888 CMK P

    Petitioner,

    vs.                                                              ORDER

MIKE EVANS, et al.,

    Respondents.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is respondent's unopposed motion to dismiss (Doc. 13).

    Respondent brings this motion to dismiss petitioner's federal habeas corpus petition as filed beyond the one-year statute of limitations, pursuant 28 U.S.C. § 2244(d). Respondent argues that petitioner was convicted in June 1995. This conviction became final, and the statue of limitations began running, on March 1, 1999. Therefore, the last day for petitioner to file a federal petition for writ of habeas corpus was February 28, 2000, plus any time for tolling. Petitioner has not filed an opposition to the motion, and therefore has not challenged
1

respondent's time calculations.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, following the direct appeal of his conviction to the California Court of Appeal, petitioner's conviction became final on March 1, 1998. He filed his first state habeas petition on February 6, 2007. His last state habeas petition was denied on May 14, 2008. The instant petition was then filed on April 7, 2008. Even assuming the statute of limitations was tolled for the entire time between the filing of his first state habeas petition and the denial of his fifth and last state habeas petition, his federal habeas petition is untimely.

/ / /

Petitioner's conviction was final on March 1, 1999. As respondent argues, he then had one year, until February 28, 2000, to file his federal petition for writ of habeas corpus. However, petitioner did not file his petition until April 7, 2008, clearly beyond the one-year statute of limitations. In addition, petitioner is not entitled to any statutory tolling because his state habeas petitions were also filed beyond the applicable statute of limitations. There is no tolling of the statute of limitations between the conclusion of direct review and the filing of a state post-conviction application. See Nino, 1983 F.3d at 1006-07. As petitioner's February 6, 2007, state habeas petition was filed after the statute of limitations had run, and therefore not entitled to statutory tolling, his current petition is untimely as filed beyond the one-year statute of limitations.

Accordingly, the court finds petitioner's petition untimely, filed after the statute of limitations had expired. Respondent's unopposed motion to dismiss (Doc. 13) is granted. The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

DATED: May 18, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE